## CINCINNATI (CITY) v. JENNIE M. FRAZER.

1. DEFECT MUST HAVE EXISTED SUCH A TIME THAT AUTHORITIES COULD HAVE REPAIRED IT.

   To render the city liable by constructive notice of a defect in sidewalk, which results in an injury to one walking over it, it must be shown that the defect had existed for such a length of time that the city authorities would, by the exercise of ordinary care, have known of its existence and could have repaired it.

2. CITY MUST BE GUILTY OF NEGLIGENCE, ACTUAL OR CONSTRUCTIVE.

   As a basis for recovery in such a case the jury must first find that the city was guilty of negligence, either in not ascertaining the defect, or in not repairing it after having acquired knowledge of the defect, actual or constructive.

3. PEDESTRIAN NEED NOT GO ASIDE, UNLESS REASON TO APPREHEND DANGER.

   One cannot be charged with negligence in not taking to the street or to the opposite sidewalk, unless he had reason to apprehend danger at the place where the defect existed.

4. BURDEN OF PROOF TO REMOVE PRESUMPTION OF NEGLIGENCE RAISED BY PLAINTIFF'S PROOF.

   If the testimony of the plaintiff raises a presumption of contributory negli‐gence, the burden is upon him to remove this presumption.

KING, J.

The verdict in this case is supported by sufficient evidence, and there is no error found in the rulings upon the evidence offered at the trial. We think, however, the court in its definition of constructive notice in the charge, erred to the prejudice of the city in saying in effect, that if the crossing in question had been out of repair for such a time that the city might or could have repaired it, that would amount to constructive notice to the city of the defect. The rule is, that if the defect is shown to have existed such a length of time that the city authorities, by the exercise of ordinary care, would have known of its existence and could have repaired it, then the city is charged with constructive notice of such defect.

Again, that part of the charge of court, excepted to on page 153 of the record because in stating to the jury the circumstances under which the city will be held liable in damages, fails to state as a basis for such recovery that the jury must first find that the city was guilty of negli‐gence, i. e., a want of ordinary care, either in not ascertaining the defect and repairing it or in not repairing it after it had acquired knowledge thereof, actual or constructive.

The expression of the court, found on page 154, as to the definition of "a preponderance of the evidence" is not strictly accurate, but there is no specific exception to this. With the above exceptions we think the charge is substantially correct.

Nor do we find any error in the refusal of the court to submit to the jury the interrogatory requested by the defendant below, as an answer to the question, "Could she easily have avoided the danger by walking in the street or on the opposite crossing?" would not have been controll‐ing. It is patent that by walking in the street or on the opposite side she would have avoided the danger from the defect in the crossing, but

she would not be bound to take the opposite side of the street unless she had reason to apprehend danger at this place.

We think the court should have given the two first requests contained in the record, on page 161, submitted by counsel for the city. The first of these was not given in the charge, although its opposite is contained in the charge. We would not reverse this case for the refusal of the court to give that request but take occasion to say that we think it was proper.

The second request states a rule of law well settled in this state, to-wit : That if the testimony of the plaintiff below raises a presumption of contributory negligence, the burden is upon her, the plaintiff, to remove that presumption. That is merely stating a rule of law that the plaintiff is bound to show by her case, by her evidence, that she was in the exercise of ordinary care and that her want of such ordinary care did not contribute to her injury.

There is no other issue of contributory negligence in the case as the answer does not tender such an issue.

For the failure, therefore, of the court to give these two requests, and for the errors in the charge pointed out, this judgment is reversed and the cause remanded for a new trial.